UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C. KYLE SHERROD,

       Petitioner,

       v.

SUPERINTENDENT JEAN HILL,

       Respondent.

Civil No. 04-1625-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

       Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and subsequently was appointed counsel. After several extensions, this matter became fully briefed and was taken under advisement. This court has determined that oral argument is unnecessary in this matter. For the following reasons, the petition is denied.

1 -- OPINION AND ORDER

There is no material dispute among the parties regarding the dispositive facts. Counsel for both parties agree that petitioner appealed his 1998 criminal conviction and sentence to the Oregon Court of Appeals. This appeal was dismissed on October 29, 1998. Petitioner sought no discretionary review from the Oregon Supreme Court of this denial.

On August 18, 1999, petitioner initiated a state post-conviction petition. The post-conviction proceedings concluded on August 20, 2003, when an appellate judgment was entered that affirmed the denial of post-conviction relief. Petitioner did not file a petition for review of this before the Oregon Supreme Court.

Petitioner subsequently asserted this federal petition for writ of habeas corpus under 28 U.S.C. § 2254. This petition was docketed before this court on November 8, 2004. For the following reasons this petition is dismissed as barred for untimeliness under the applicable one-year statute of limitations.

## STANDARDS

A writ of habeas corpus shall not be granted pursuant to any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established law; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1) and (2).

The Ninth Circuit has held that the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to state prisoners "in custody pursuant to the judgment of a State court, even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).

A petitioner is allowed "just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition." *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002); Pub. L. No. 104-132, 110 Stat. 1214.

Under § 2244(d)(1)(D), the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered though the exercise of due diligence." *Id*.

Specifically, the statute provides in pertinent part:

(d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1)-(2).

3 -- OPINION AND ORDER

## ANALYSIS

The court has considered all of the briefs and exhibits submitted by petitioner, the response filed by the government, and the record of this case. An evidentiary hearing in this matter is unnecessary.

Petitioner had one year from October 29, 1998, the day his direct appeal was final, to file his petition for relief in this court. As noted above, periods when post-conviction claims or requests for other collateral remedies remain pending are excluded from the calculation of that year. Taking into account the applicable tolling, over a year (at least 480 days) elapsed before petitioner filed his federal petition.

Petitioner initiated his petition for state post-conviction relief on August 18, 1999, which was 293 days after October 29, 1998, the day his direct appeal was final. The appellate judgment regarding his claim for post-conviction relief issued on August 20, 2003. Although his federal petition was not received until November 8, 2004, petitioner asserts that he *signed* the petition and attempted to file it February 25, 2004. Assuming without deciding that the period from August 21, 2003 until February 25, 2004, is the only period that must be included in the determination of whether the statute of limitations has expired, petitioner is still untimely. This period of 187 days, when added to the period that elapsed between petitioner's direct appeal and his state petition for post-conviction relief, totals 480 days and establishes that the one-year statute of limitations imposed by the AEDPA has been exceeded.

Petitioner also argues that portions of these periods should somehow be equitably tolled so as to permit his untimely petition. It remains unclear why petitioner's allegations that a legal assistant "actively interfered" with petitioner's attempts to file his petition on February 25, 2004, should toll any portion of the 480 days that had already elapsed before that date. Nevertheless, this court concludes

that even if equitable tolling could save the petition, such tolling is unavailable under the facts presented here.

"Equitable tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso*, 278 F.3d at 877 (internal citations and quotations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 417 (2005). The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)(quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his or her late filing. *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *see also Miranda*, 292 F.3d at 1065. Petitioner bears the burden of proving that "this extraordinary exclusion should apply[.]" *Miranda*, 292 F.3d at 1065. If the petitioner did not exercise reasonable diligence under the circumstances in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstance and the failure to file is broken. *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) (cited with approval in *Spitsyn*, 345 F.3d at 802).

Petitioner's broad allegations of an assistant lying or carelessly delaying his petition fall short of the kinds of factual circumstances in which the Ninth Circuit has found that extraordinary circumstances exist. *See, e.g., Spitsyn*, 345 F.3d at 802 (egregious misconduct by attorney retained to file the federal petition); *Smith v. Ratelle*, 323 F.3d 813, 817 (9th Cir. 2003) (district court erroneously dismissed a mixed habeas petition); *Lott*, 304 F.3d at 920 (deprived of legal files due to a transfer

5 -- OPINION AND ORDER

between institutions); *Corjasso*, 278 F.3d at 878 (district court lost petition); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (officials failed to timely draw a prison trust account check).

Additionally, the circumstances presented by petitioner fail to demonstrate the exercise of reasonable diligence by petitioner sufficient to excuse an untimely filed federal petition. *See Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2001) (equitable tolling rejected due to petitioner's decision to continue to advance his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court); *Frye v. Hickman*, 273 F.3d 1144, 1145 (9th Cir. 2001) (no equitable tolling due to attorney negligence in miscalculating limitations period and negligence in general); and *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (no equitable tolling after the petitioner voluntarily dismissed for failing to exhaust state remedies, then waited for more than one year after state proceedings were final to file federal petition). Accordingly, petitioner is not entitled to equitable tolling. Even if he somehow were so entitled, any applicable tolling would fail to reduce the 480-day period sufficiently to conform to the AEDPA-mandated statute of limitations

## **CONCLUSION**

For the reasons provided above, the court denies the petition for writ of habeas corpus [2] filed by C. Kyle Sherrod under 28 U.S.C. § 2254. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  2    day of February, 2007.

                                          /s/ Ancer L. Haggerty
                                            Ancer L. Haggerty
                                      United States District Judge